### STATE EX REL. SNELL v. WILSON, JUDGE.

APPLICATION OF, WHEN JUDICIAL OFFICER IS VESTED WITH DISCRETIONARY POWERS.

> Whenever a judicial officer is vested with discretionary powers as to the performance of any duty required at their hands or where in reaching a given result of official action he is necessarily obliged to use some degree of judgment and discretion. *Held*, that while mandamus will lie to set them in motion and to compel action upon the matters in controversy, it will in no manner interfere with the exercise of such discretion nor control or dictate the judgment or decision which shall be reached.

SWING, J.

This is a suit in mandamus involving the construction of section 5033, Rev. St. This section provides that, when a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, if the opposite party make affidavit that he cannot as he believes have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties.

Snell being a party plaintiff in an action in the court of common pleas of this county, against the street railway company of Cincinnati, made an affidavit in accordance with this provision of the statute, and also filed in said court the affidavits of five other persons in support of his own, and asked for the removal as therein contemplated. But the court of common pleas, his honor, Judge Moses F. Wilson, presiding, held the affidavits of the five other persons than the defendant insuffi-

cient in law, and refused to grant the order of removal as sought. This action is brought to compel said judge to grant said change of venue.

The law applicable to mandamus is thus stated by High on Mandamus, section 254, p. 25, as follows:

"But the most important principle to be observed in the exercise of the jurisdiction by mandamus, and one which lies at the very foundation of the entire system of rules and principles regulating the use of this extraordinary remedy, is that which fixes the distinction between duties of a peremptory or mandatory nature, and those which are discretionary in their character, involving the exercise of some degree of judgment on the part of the officer or body against whom the mandamus is sought. This distinction may be said to be the key to the extended system of rules and precedents forming the law of mandamus, and few cases of applications for this extraordinary remedy occur which are not subjected to the test of this rule. Stated in general terms, the principle is that mandamus will lie to compel the performance of duties purely ministerial in their nature, and so clear and specific that no element of discretion is left in their performance, but that as to all acts or duties necessarily calling for the exercise of judgment and discretion, on the part of the officer or body at whose hands their performance is required, mandamus will not lie. The application of the rule is universal, and its illustrations are as multiform as are applications for the aid of this extraordinary remedy. It applies with especial force to cases where the aid of mandamus is sought against inferior courts or judges, public officers, municipal authorities and corporate officers generally, and in all these cases it is the determining principle in guiding the courts to a correct decision. And wherever such officers or bodies are vested with discretionary power as to the performance of any duty required at their hands, or where in reaching a given result of official action they are necessarily obliged to use some degree of judgment and discretion, while mandamus will lie to set them in motion and to compel action upon the matters in controversy, it will in no manner interfere with the exercise of such discretion, nor control or dictate the judgment or decision which shall be reached. But if, upon the other hand, a clear and specific duty is positively required by law of any officer, and the duty is of a ministerial nature, involving no element of discretion and no exercise of official judgment, mandamus is the appropriate remedy to compel its performance, in the absence of any other adequate and specific means of relief, an the jurisdiction is liberally exercised in all such cases."

This general statement embodies the very substance of the law of mandamus.

The third proposition of the syllabus in the case of the *State ex rel.* v. *Crites*, 48 Ohio St., 460, is as follows:

"The remedy for mandamus while appropriate to compel an officer to proceed in a judicial or quasi judicial matter confided by law to his jurisdiction, cannot be invoked to correct his errors or control his discretion."

Our statute itself is almost as explicit as the above authorities. Section 6745, Rev. St. provides:

"And although it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

It seems to us in this case, that the court of common pleas was called upon in determining the fact whether or not the affidavits of the

five persons filed therein sustained the application of the plaintiff, and whether or not these affidavits were made by credible persons, involved judicial discretion, or in the language of High, *supra*, the court in this case was necessarily obliged to use some degree of judgment and discretion and if so, this action is not the proper remedy.

As the demurrer of plaintiff to the answer of the defendant searches the record, it follows that the plaintiff's petition must be dismissed.

Other questions have been argued, but they are not in the case if the view we have taken of the law is correct.

(We might add that in our judgment the affidavits of the persons other than the plaintiff did not state facts which sustained his affidavit, although this statement is not necessary to the decision of the question here involved.)

*Wolfe & Michie*, for Petitioner.

*Paxton, Warrington & Boutet. and Kittredge & Wilby*, for Defendant.

---

## CRIMINAL LAW—EVIDENCE—PROSECUTING ATTORNEY.

[Lorain Circuit Court, November, 1896.]

Caldwell, Hale and Burrows, JJ.

(Judge Burrows of the seventh circuit taking the place of Judge Marvin.)